UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ALEXIS LUTTRELL,

    Plaintiff,

v.   No. 2:25-cv-02153-SHL-tmp

CITY OF GERMANTOWN,

    Defendant.

---

### DEFENDANT'S UNOPPOSED MOTION TO STAY PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW

---

Defendant City of Germantown ("City"), pursuant to Fed. R. Civ. P. 6(b) and 16(b), moves the Court for an order temporarily staying these proceedings, including the pending deadlines for the City to respond to the Complaint (ECF Doc. 1) and the Preliminary Injunction Motion (ECF Doc. 12) and the setting of a scheduling conference, until April 21, 2025 to allow the parties an opportunity to resolve this action. In support of this Motion, the City submits the following:

    1.    Plaintiff filed this action on February 12, 2025 challenging the constitutionality of § 11-33 of the Germantown Municipal Code and served Defendant with process the following day. (ECF Doc. 1 at 1; ECF Doc. 9 at 2.)

    2.    Fed. R. Civ. P. 12 requires Defendant to answer or otherwise respond to the Complaint on or before March 6, 2025.

    3.    Plaintiff filed a motion for preliminary injunction on February 19, 2025 (ECF Doc. 12 at 1), and Defendant's response to that motion is due on or before March 5, 2025. L. R. 7.2(a)(2).

    4.    Counsel for the parties have consulted and believe the parties may be able to resolve

this action, but the parties need time to effectuate that potential resolution.

5. Any action the City takes concerning § 11-33 of the Germantown Municipal Code requires approval on three readings by the Germantown Board of Mayor and Aldermen, and the next three meetings of that Board are on March 10, March 24, and April 14.

6. In light of the potential for an early resolution, counsel for the City has proposed to Plaintiff's counsel staying all proceedings in this action until April 21, 2025—effectively pausing this action where it presently stands to enable the parties to pursue a resolution without simultaneously incurring unnecessary litigation expenses or prejudicing their ability to resume litigating this action if they cannot reach a final resolution—and Plaintiff's counsel are agreeable to the proposed stay and do not oppose this Motion. In conjunction with the stay of proceedings in this Court, the City will concurrently stay enforcement of § 11-33.

7. Fed. R. Civ. P. 6(b) affords the Court discretion, upon finding good cause, to extend the time within which a party must respond to a complaint or pending motion, and Rule 16(b) governs the setting of a pretrial schedule and affords the Court discretion to delay the entry of a scheduling order upon a finding of good cause.

WHEREFORE, the City submits that good cause exists to stay this action temporarily because a temporary stay will enable the parties to explore an early resolution to this action while, at the same time, preventing the parties from unnecessarily incurring litigation expenses and unnecessarily expending the Court's time at this juncture. The City, therefore, requests that the Court enter an order staying all proceedings, including the pending deadlines for the City to respond to the Complaint and the Preliminary Injunction Motion and the setting of a scheduling conference, until April 21, 2025.

Respectfully submitted,

HARRIS SHELTON HANOVER WALSH, PLLC

s/ William J. Wyatt
Edward J. McKenney, Jr. #5380
William J. Wyatt #25774
6060 Primacy Parkway, Suite 100
Memphis, Tennessee 38119
(901) 525-1455 Telephone
(901) 526-4084 Facsimile
emckenney@harrisshelton.com Email
wwyatt@harrisshelton.com Email
*Attorneys for the Defendant*

## CERTIFICATE OF CONSULTATION

In accordance with L. R. 7.2(a)(1)(B), counsel for the City has consulted with Plaintiff's counsel about the requested stay and has provided Plaintiff's counsel a copy of this Motion prior to its filing. Plaintiff's counsel have advised that they are agreeable to the requested stay of this action and do not oppose this Motion.

s/ William J. Wyatt
William J. Wyatt

## CERTIFICATE OF SERVICE

    I hereby certify that a true and exact copy of the foregoing has been served via CM/ECF to the following attorneys of record for Plaintiff:

Edward M. Bearman  
The Law Office of Edward M. Bearman  
780 Ridge Lake Blvd., Suite 202  
Memphis, TN 38120

Gary E. Veazey  
The Law Office of Gary E. Veazey  
780 Ridge Lake Blvd., Suite 202  
Memphis, TN 38120

Colin P. McDonell  
Foundation for Individual Rights  
  and Expression  
510 Walnut Street, Suite 900  
Philadelphia, PA 19106

on this 2nd day of March, 2025.

                                          s/ William J. Wyatt  
                                          William J. Wyatt