# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ALEXIS LUTTRELL, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-cv-02153-SHL-tmp |
| ) | |
| CITY OF GERMANTOWN, ) | |
|     Defendant. ) | |

**ORDER DENYING DEFENDANT'S UNOPPOSED MOTION TO STAY PROCEEDINGS**

Defendant City of Germantown seeks to stay these proceedings until April 21, 2025 "to allow the parties an opportunity to resolve this action." (ECF No. 13 at PageID 133–34.) Germantown's response to Plaintiff's motion for a preliminary injunction is currently due on March 5, and its answer is due the next day. (Id. at PageID 133.) Local Rule 16.2(b)(4)(B)(i) requires the scheduling conference to occur by May 1. Germantown requests to stay these proceedings pending the outcome of the parties' settlement efforts. (ECF No. 13 at PageID 134.)

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Ohio Envtl. Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div., 565 F.2d 393, 396 (6th Cir. 1977). But the court "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." Id. Thus, the moving party must show a "pressing need" for the delay. Id.

Germantown states that any action it takes concerning the challenged statute "requires approval on three readings by the Germantown Board of Mayor and Aldermen, and the next three meetings of that Board are on March 10, March 24, and April 14." (ECF No. 13 at PageID

134.) Plaintiff does not oppose Germantown's request, and Germantown has agreed to stay enforcement of the challenged statute in conjunction with the stay of these proceedings. (Id.)

Germantown has not shown a pressing need to stay the entire case pending early settlement efforts. Thus, Germantown's motion is **DENIED**. But a court may extend deadlines for "good cause."[1] Fed. R. Civ. P. 6(b)(1)(A). For good cause shown, Germantown's deadline to respond to Plaintiff's motion is extended to **April 28** and its deadline to respond to the complaint is extended to **May 2**. A scheduling conference is **SET** for **April 30 at 10:00 a.m.** A separate setting letter will follow this order.

Although the Court declines to grant a blanket stay, the parties' litigation efforts will effectively be paused during this early resolution period. Thus, consistent with the parties' previous agreement, the Court assumes that Germantown will decline to enforce the challenged statute until April 21 while the parties attempt to resolve their issues outside of Court. (See ECF No. 13 at PageID 134.)

**IT IS SO ORDERED,** this 4th day of March, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Despite requesting a stay, Germantown does not cite the standard for granting a stay and instead cites the "good cause" standard for granting an extension request. (See ECF No. 13 at PageID 134.) Thus, the Court will construe its motion as requesting alternative relief in the form of an extension.